### EDMUND V. HAWES'S APPEAL FROM PROBATE.

The fifth section of the insolvent act (Gen. Statutes, p. 379,) provides that
"when a writ of attachment shall have been issued upon a claim
founded on contract of one hundred dollars or more, upon which writ
shall have been indorsed the affidavit of the plaintiff or his attorney
that he believes such claim to be justly due, if the officer serving the
same, after making demand of all such debtors as are found within his
precincts, cannot find sufficient property to satisfy such attachment,
* * the plaintiff may petition the court of probate for the appoint-
ment of a trustee to take possession of the property of such defendant
for the benefit of his creditors." Held that the officer serving the writ
was bound to attach real estate, if he could find sufficient to satisfy the
claim.
Also that it made no difference that the real estate was incumbered, so long
as the equity of redemption was of sufficient value.

TWO APPEALS from probate to the Superior Court, heard
before *Hitchcock, J.* Appeals dismissed and motions in error
by the appellant. The facts are sufficiently stated in the
opinion.

*A. S. Treat* and *H. S. Sanford*, for the plaintiff in error.

*A. B. Beers* and *G. Stoddard*, for the defendant in error.

PARK, C. J.   There are in this case two appeals from decrees of the court of probate between the same parties, but both rest on a single question, and we will treat the two as a single case.

The 5th section of the insolvent act provides that "when a writ of attachment shall have been issued upon a claim, founded on contract, of one hundred dollars or more, upon which writ shall have been indorsed the affidavit of the plaintiff or his attorney that he believes such claim to be justly due, if the officer serving the same, after making demand of all such debtors as are found within his precincts, cannot find sufficient property to satisfy said attachment, and shall have made a sworn return upon such writ to that effect, the plaintiff may petition the court of probate for the appointment of a trustee to take possession of the property of such defendant for the benefit of his creditors."

The appellees, Hannah and Arabella Hoag, held a claim against the appellant, Hawes, of $2,200, and procured a writ of attachment against him, directing in the usual form the attachment of his "goods or estate," to the amount of thirty-five hundred dollars.   Upon the writ was indorsed the oath of the plaintiff's attorney that he believed the claim to be justly due, and the officer who took it for service made a sworn return that he had made demand upon the defendant for goods or estate on which to levy the attachment, but that he neglected and refused to expose any, and that he then made search throughout his precincts and could not find sufficient property of the defendant to satisfy the attachment.   The plaintiffs in the suit thereupon petitioned the probate court of the district within which Hawes resided for the appointment of a trustee of his estate as an insolvent estate; which appointment was made by the court. The principal appeal in the case is from the decree making the appointment.

It is found that Hawes in fact, at the time of the demand, disclosed to the officer about two hundred dollars worth of

personal property, and his residence, which is found to have been at the time worth $15,000, but incumbered by a mort-gage of $10,000, and that Hawes in fact owned the property, but that the officer did not consider it his duty to attach this property and did not attach it.

Upon these facts the question is, whether the case was one for the appointment of a trustee upon the petition of the creditors who had brought the attachment suit.

It is clear that it is not enough that the officer made a sworn return that he could not find property. This return is not to be taken as conclusive evidence that none could be found. The language of the statute is, "if the officer *can not find* sufficient property * * and shall have made a sworn return upon such writ to that effect." The real fact as to the existence of sufficient property may be shown, in spite of the return. Besides which, it appears that the debtor did disclose to the officer the property which it is found that he owned.

The only question therefore is, whether that property was sufficient to satisfy the attachment within the meaning of the statute. We may lay out of the case the $200 of personal property as obviously insufficient. Was it the duty of the officer to attach the land? It is a general rule in ordinary cases of attachment that an officer is not bound to attach real estate. The appellee claims that the same rule applies here. It is also claimed that if the officer was bound to attach real estate yet he was not bound to take an equity of redemption. We will consider both these questions.

In the first place, with regard to the attachment of real estate. There may be a difficulty, taking this part of the statute by itself, in showing any reason for a distinction between a suit brought as preliminary to insolvent proceedings and an ordinary suit commenced by attachment. The object of an ordinary attachment is the collection of the debt; and by our statute, under which land levied upon is set off to the debtor, the debt is merely satisfied in law, but not in fact collected. The law therefore does not require the officer to make such a levy, nor to attach land in the

first instance. Here it may be said that the creditor is in the same way seeking to collect his debt; but the fact is not to be overlooked that the attachment is made, not with the real expectation of collecting the debt, but as a preliminary to proceedings in insolvency. The case therefore which the creditor is making up, for presentation to the court of probate, is that of the debtor's insolvency. But a debtor is not insolvent if he has real estate sufficient to satisfy his indebtedness. If it were not so a debtor might owe $5,000 and have $100,000 of real estate, and yet be insolvent. This of course can not be so.

But light is thrown upon this part of the statute by the latter part of the same section. The statute there provides that the court of probate, upon the petition of the creditor who has taken the steps we have been considering, shall upon the hearing, " if such petition shall be found true, and said debtor shall fail to satisfy *or secure said claim in such manner as said court shall deem sufficient*, appoint a trustee," &c. Here unquestionably the court may approve a securing of the claim by real estate. It would be strange, if the proceedings could be arrested by the giving of such security, that an attachment of the same land would not have been enough in the first place. We must therefore conclude that it was the duty of the officer to attach real estate if he could find enough to satisfy the claim.

And this brings us to the second question, whether the officer was bound to attach an equity of redemption. We think that the mere fact that the real estate was mortgaged is not of itself sufficient to excuse the officer from taking it. Of course the value of the equity is to be considered in determining whether it is sufficient to satisfy the claim. But supposing it to be sufficient, we think the statute intends to place it on the same ground with real estate that is not incumbered. The property may be worth ten times the amount for which it is mortgaged. It is clear that the debtor might offer to secure the debt in court by a mortgage of the equity, and that the court would have the right to decide upon the sufficiency of the security. This necessa-

rily follows from the provision of the statute that the claim is to be secured simply "in such manner as the court shall deem sufficient." In any doubtful case it is for the court to determine the point.

We think there is error in the judgment of the Superior Court dismissing the appeals.

In this opinion the other judges concurred; except LOOMIS, J., who dissented.